[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14521
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-14058-JEM-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAYTON CHEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 14, 2013)

Before TJOFLAT, PRYOR AND BLACK, Circuit Judges.

PER CURIAM:

Clayton Chen appeals his 33-month sentence imposed for conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. Chen argues the district court erred in applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(15)(A), because he did not individually derive $1,000,000 in gross receipts as a result of the conspiracy to which he pleaded guilty. Chen also challenges the procedural reasonableness of his sentence, arguing the district court failed to note on the record it was aware of certain factual stipulations underlying his guilty plea. We affirm as to both issues.[1]

With respect to the § 2B1.1(b)(15)(A)[2] sentencing enhancement, any error by the district court was harmless. *See Williams v. United States*, 503 U.S. 193, 203, 112 S. Ct. 1112, 1121 (1992) (holding that when "the reviewing court concludes, on the record as a whole, . . . the error did not affect the district court's selection of the sentence imposed," the "error was harmless" and remand is inappropriate). Chen argues that, because he turned over a portion of his illicit gross receipts to a co-conspirator after they were initially deposited in his account,

---

[1] As to sentencing enhancements, we review the district court's findings of fact for clear error and its application of the Sentencing Guidelines de novo. *United States v. Lopez-Garcia*, 565 F.3d 1306, 1313 (11th Cir. 2009). The procedural reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Livesay,* 525 F.3d 1081, 1090 (11th Cir. 2008).

[2] Section 2B1.1(b)(15)(A) of the Sentencing Guidelines provides a two-level enhancement when "the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense." U.S.S.G. § 2B1.1(b)(15)(A). Although the defendant must have individually derived gross receipts exceeding $1,000,000, "gross receipts" includes "all property, real or personal, tangible or intangible, which is obtained directly or indirectly as a result of such offense." *See* U.S.S.G. § 2B1.1, comment. (n.11(A) & (B)).

he did not *individually* derive over $1,000,000 in gross receipts.  We have not yet decided how individual "gross receipts" should be calculated under § 2B1.1(b)(15)(A) when money is initially obtained by a defendant but then disbursed to a co-conspirator, and we need not do so in this case.  Even discounting payments to his co-conspirator, Chen still derived at least $1,000,000 in gross receipts from the conspiracy, according to his own admissions as well as undisputed facts in the Pre-Sentence Investigation Report (PSI).[3] *See United States v. Bennett*, 472 F.3d 825, 832, 833–34 (11th Cir. 2006) (holding that "[a] sentencing court's findings of fact may be based on undisputed statements in the PSI," and that when a defendant "fail[s] to object to the facts . . . contained in his PSI . . . he is deemed to have admitted those facts").  Therefore, because § 2B1.1(b)(15)(A)'s enhancement would have applied to Chen even under his interpretation, any district court error was harmless.  *See* Fed. R. Crim. P. 52(a).

Additionally, Chen's challenge to the procedural reasonableness of his sentence is meritless.  Chen contends the district court rejected his request for a minor role reduction without explaining its reasoning, without affording the parties a full opportunity to argue the point, and without giving "any weight or

---

[3] The specific calculation proceeds as follows.  Chen derived $1,131,124 in loan proceeds as a result of his fraud and conspiracy.  The PSI's undisputed facts reflect Chen paid his co-conspirator $120,343 in purported "brokerage commissions" and "fees."  Even subtracting those fraudulent payments, Chen still derived $1,010,781 in gross receipts—which, by any estimation, exceeds the $1,000,000 threshold of § 2B1.1(b)(15)(A).  Chen has provided no legitimate legal or factual argument that any other payments were made to his co-conspirator out of *his* gross receipts, which is the only consideration relevant to the question presented.

consideration" to the factual stipulation in his guilty plea that he "played a relatively minor role." The record does not support Chen's contentions. *See United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002) ("[A] sentencing court's failure to make individualized findings . . . is not grounds for vacating a sentence if the record support[s] the court's determination with respect to the offense conduct.").

As to Chen's first argument, the district court did adequately explain why it was denying Chen's request for minor role reduction. The court made clear Chen was not entitled to his requested reduction based on the precise nature of his role in the conspiracy, which included titling three fraudulently-obtained properties in his name. Next, the record shows the district court did in fact give the parties a full, fair opportunity to argue the minor role reduction. The district court began the sentencing hearing by asking defense counsel to address any issues that had not been dealt with satisfactorily. Chen's counsel, however, raised none. Only after further prompting by the court did defense counsel bring up Chen's request for a minor role reduction. Finally, even when counsel argued for the minor role reduction, he never mentioned the factual stipulation in Chen's guilty plea. Despite this failure, Chen argues the district court "was required to explain at least that it was cognizant of the stipulation underlying the guilty plea." But the record shows the district court was not only "cognizant" of the guilty plea's stipulations,

but that it had, in its own words, "reviewed the stipulated factual basis in support of the guilty plea" prior to the hearing.  The record in this case simply provides no basis for holding Chen's sentence was procedurally unreasonable.  *See United States v. Livesay,* 525 F.3d 1081, 1091 (11th Cir. 2008) (noting procedural errors occur when the district court fails to calculate or improperly calculates the guidelines range, treats the Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence).

The district court is **AFFIRMED.**